```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT


SCOTT VEALE, DAVID VEALE,       :
ELSIE VEALE,                    :
        Plaintiffs,             :
                                :
        v.                      :      File No. 1:09-CV-160
                                :
WINDHAM VETERINARY CLINIC,      :
et al.,                         :
        Defendants.             :
```

                        <u>OPINION AND ORDER</u>
                              (Paper 7)

*Pro se* plaintiffs David and Scott Veale, acting on behalf of themselves and their deceased dog, Elsie, seek to bring an action against a series of defendants whom the Veales claim are responsible for Elsie's death.  The proposed complaint alleges jurisdiction based upon diversity of citizenship. (Paper 1-3 at 2).

In an Opinion and Order dated July 22, 2009, the Court found that diversity of citizenship was not complete: "David Veale lives in Vermont and Scott Veale lives in New Hampshire.  The list of defendants includes people and institutions in both New Hampshire and Vermont."  (Paper 5 at 2).  Accordingly, the Court dismissed the case for lack of subject matter jurisdiction, and denied the plaintiffs' *in forma pauperis* applications as moot.

Now before the Court is the plaintiffs' motion for reconsideration.  The Veales begin by stating that in drafting the complaint, they "inadvertently" omitted reference to 28

U.S.C. § 1331 as a basis for jurisdiction. Section 1331 provides original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The complaint, however, does not assert any federal claims. As the Court noted previously, the complaint explicitly states that "this civil action [is brought] under the applicable substantive laws of the States of New Hampshire, Vermont, and Massachusetts . . . ." (Paper 2-3 at 3). None of the plaintiffs' stated causes of action, which include medical malpractice, fraud and breach of contract, involve federal law. Accordingly, even if the plaintiffs were permitted to amend their complaint to add reference to § 1331, the Court would remain without subject matter jurisdiction.

The plaintiffs also accuse the Court of failing to consider "the facts of this case that involve the plaintiffs who are from different states and all other defendants who are from Vermont, New Hampshire, and Massachusetts." (Paper 7 at 1). In its previous Opinion and Order, the Court explained that diversity of citizenship must be complete, and that "'[d]iversity is not complete if any plaintiff is a citizen of the same state as any defendant.'" (Paper 5 at 2) (citing St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005)). Stated somewhat differently, "[d]iversity is a state of affairs where all plaintiffs are citizens of different states

2

from all defendants." Willis v. Westin Hotel Co., 651 F. Supp. 598, 601 (S.D.N.Y. 1986) (citing Geidel Fuel Oil Corp. v. Peninsula Nat'l Bank, 581 F. Supp. 19, 20 (E.D.N.Y. 1984)); see also Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998) ("A case falls within the federal court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). The plaintiffs' insistence that diversity is present under 28 U.S.C. § 1332(a)(1), (2) and/or (3) demonstrates a fundamental misunderstanding of diversity jurisdiction.

Finally, the plaintiffs' reconsideration motion asks that, as alternative relief, they be allowed to bring their complaint with only Scott Veale as the plaintiff. Such an amendment would not cure the diversity issue, however, since Scott Veale and several of the proposed defendants all reside in New Hampshire. Accordingly, while the plaintiffs' motion for reconsideration (Paper 7) is GRANTED, upon reconsideration the Court's prior Opinion and Order is AFFIRMED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of September, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge